UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANA J.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 19-6004-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled, contending the ALJ misevaluated the opinions of K. Nestler, M.D. Dkt. 10. For the reasons below the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Examining doctor K. Nestler, M.D., opined due to depression and anxiety, plaintiff would have difficulty with: 1) performing work activities on a consistent basis and maintaining regular attendance in the workplace; and 2) completing a regular workday and dealing with the usual stress encountered in the workplace. Tr. 729. The ALJ rejected these opinions finding them inconsistent with plaintiff's activities of daily living specifically noting plaintiff told Dr. Nestler she got up at 7:00 am, gets her kids to school and is "independent in her activities of daily living." Tr. 40. Substantial evidence does not support the finding. That plaintiff gets up at 7 am

ORDER REVERSING THE COMMISSIONER AND REMANDING - 1

and "gets her kids to school" is not an activity that can be equated with maintaining regular work attendance, completing a work day or work week or dealing with work related stress and does not exemplify "stress" in the workplace.

The ALJ's phrase plaintiff is "independent in her activities of daily living" is a conclusory statement lacking articulation of the activities contradicting Dr. Nestler's opinion. Dr. Nestler noted plaintiff went to the grocery store once a week; spent the day at home watching T.V., and does not engage in past hobbies and does not visit friends due to depression. Plaintiff's daily activities are thus minimal and not inconsistent with Dr. Nestler's opinions.

The ALJ also rejected Dr. Nestler's opinions on the grounds plaintiff's "cognitive testing was excellent." Tr. 40. But, Dr. Nestler did not opine plaintiff could not work due to cognitive limitations. Rather the doctor found plaintiff "would not have difficulty performing simple and repetitive tasks or detailed and complex tasks. Her cognitive testing was excellent today." Tr. 729.  Dr. Nestler opined plaintiff's did have limitations, not based upon her cognitive ability, but based upon her "depression and anxiety." Tr. 729.  Substantial evidence does not support the ALJ's finding that Dr. Nestler's cognitive findings are inconsistent with the doctor's opinion about plaintiff's limitations.

And lastly the ALJ noted "the claimant has previously given inconsistent statements pertaining [to] her quitting the last job . . . which cast doubt on her subjective complaints." Tr. 40-41. The ALJ erred by imply but failing to specifically find Dr. Nestler's opinion relies too heavily upon plaintiff's subjective statements. Further the record does not establish Dr. Nestler relied too heavily on plaintiff's subjective presentation at the expense of clinical observations and professional expertise. Dr. Nestler observed plaintiff "was tearful throughout and clearly quite depressed and distressed." Tr. 729. The doctor noted plaintiff bounced her right leg

restlessly and her affect was anxious and dysphoric. Tr. 728. Dr. Nestler did not find plaintiff to be unbelievable or malingering. "[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physicians opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan v. Commissioner of SSA*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008).

Moreover, mental health "[d]iagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Here Dr. Nestler noted and considered plaintiff's subjective account but also compared that account with observed symptoms and exercised her professional discretion. The record does not establish Dr. Nestler was simply parroting back plaintiff's subjective complaints in arriving at her opinions. Accordingly substantial evidence does not support the ALJ's implied finding that Dr. Nestler relied too heavily upon plaintiff's subjective complaints.

The Court concludes the ALJ erred by discounting Dr. Nestler's opinions and the error is harmful because the RFC determination fails to account for all of the limitations the doctor assessed. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall reassess Dr. Nestler's opinion, develop the record and redetermine plaintiff's RFC as needed and proceed to the remaining steps as appropriate.

DATED this 21st day of May, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER AND REMANDING - 3